# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES LAMONT MOORE,

*Petitioner*,

vs.

STATE OF NEVADA SUPREME COURT, *et al.*,

*Respondents*.

2:12-cv-00965-JCM-PAL

ORDER

This habeas matter comes before the court for initial review of the petition. Petitioner has paid the filing fee.

Following initial review, it appears that: (a) the petition is a successive petition; and (b) the petition further is time-barred for failure to seek federal habeas relief within the one year limitation period established in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause in writing why the petition should not be transferred and referred to the court of appeals as a successive petition or dismissed with prejudice as time-barred.

### *Background*

The papers submitted, the electronic docket records of this court, and the online docket records of the state courts reflect the following.

Petitioner James Lamont Moore challenges his Nevada state conviction, pursuant to a jury verdict, in state district court No. C120400, of first-degree murder with the use of a deadly weapon, three counts of attempted robbery with the use of a deadly weapon, and

three counts of robbery with the use of a deadly weapon. In the main, petitioner alleges that he was denied effective assistance of appellate counsel when counsel on his direct appeal did not claim that he was denied due process by the use of a *Kazalyn* instruction[1] as to the elements of first-degree murder.

The judgment of conviction was filed on April 30, 1996, and the state supreme court affirmed on March 10, 2000. *Moore v. State*, 116 Nev. 302, 997 P.2d 793 (2000). The ninety-day time period for filing a petition for a writ of *certiorari* expired on June 8, 2000.

After 276 days had elapsed, on or about March 12, 2001, petitioner mailed a state post-conviction petition to the state district court clerk for filing.[2] After appointing state post-conviction counsel and hearing argument, the state district court denied the petition. The state supreme court affirmed the denial of the petition in No. 39387. The remittitur issued on December 17, 2002.

Prior to the issuance of the remittitur, on or about December 4, 2002, petitioner mailed his first federal petition in No. 3:02-cv-00639-LRH-RAM to the clerk of this court for filing. The court appointed federal habeas counsel for petitioner. On February 27, 2004, the court entered the functional equivalent of a stay order so that petitioner could exhaust an unexhausted double jeopardy ground. The court dismissed the petition without prejudice but without entry of final judgment and with the proviso that petitioner could reopen the matter following exhaustion of state judicial remedies.

On March 31, 2004, petitioner filed a *pro se* original petition for an extraordinary writ in the state supreme court, in No. 43061. The state supreme court concluded that its intervention by way of extraordinary writ was not warranted and denied the petition. The court

---

[1] *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992).

[2] See No. 3:02-cv-00639-LRH-RAM, #18, Ex. 73, at 9-10 (#18-2601439, at electronic docketing pages 4-5 of 139). An earlier state court procedural recital reflects that the first state petition was filed in September 2000. However, both the online docket sheet for the state district court and the prior federal record confirm that the only state court filing in or around September 2000 and prior to the March 2001 petition was a motion for withdrawal of counsel. See https://www.clarkcountycourts.us/Anonymous/default.aspx (link to online docket search page); No. 3:02-cv-00639, #18, Exhs. 66-68 (#18-2601438, at electronic docketing pages 144-58 of 164); see also *id.*, #16 (index of state court record exhibits prepared by prior federal habeas counsel).

noted that petitioner's remedy, if any, was to file a state post-conviction petition in the state district court. The notice in lieu of remittitur issued on May 4, 2004.

Petitioner opted to not pursue a state post-conviction petition, and he instead moved to reopen the federal matter.[3] The court thereafter reopened the matter and administratively directed the clerk to open a new docket number with the proviso that litigation under the new case number would be considered a continuation of No. 3:02-cv-00639. Litigation of the first federal petition thereafter continued under No. 3:04-cv-00343-LRH-VPC, with petitioner abandoning the unexhausted double jeopardy ground.

By an order and judgment entered on September 11, 2006, the court denied Moore's first federal petition on the merits. The court of appeals denied a certificate of appealability on November 5, 2007. A petition for a writ of *certiorari* was denied on April 14, 2008.

On September 9, 2008, petitioner filed a second state post-conviction petition in the state district court. The state supreme court affirmed the denial of the petition as untimely and successive, in No. 52856. In the petition, Moore claimed that he had received a flawed jury instruction on the elements of first-degree murder because the jury was given a *Kazalyn* instruction on premeditation, relying upon *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000). He contended that his procedural default of the claim was excused on the basis that he could not file the claim prior to the federal court of appeals decision in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007). The state supreme court rejected this argument, noting, *inter alia*, that *Byford* was decided on February 28, 2000, eleven days before the court's decision on petitioner's state direct appeal. The court concluded, *inter alia*, that petitioner thus could have raised the claim on direct appeal or in his first state post-conviction petition years before. The remittitur in No. 52856 issued on March 2, 2010.

On September 10, 2010, petitioner filed a third state post-conviction petition. The state supreme court affirmed the denial of the petition as untimely, successive, and an abuse of writ, in No. 56259. The remittitur issued on January 4, 2011.

---

[3]See No. 3:02-cv-00639, #33, at 2.

-3-

Meanwhile, on November 1, 2010, petitioner filed a fourth state post-conviction petition. The state supreme court affirmed the denial of the petition as untimely and successive, in No. 57969. Petitioner maintained that he was relitigating his challenge to the *Kazalyn* instruction in order to exhaust the claim for the purpose of federal habeas review. He urged that the decisions in *Chambers v. McDaniel*, 549 F.3d 1191 (9th. Cir. 2008), *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), and *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008), provided good cause to relitigate his claim challenging the *Kazalyn* jury instruction. The state supreme court rejected this argument. The court noted, *inter alia*, that Moore had filed the fourth state petition more than a year after each of these decisions and that he already had raised a *Kazalyn* issue in his second state petition. The remittitur in No. 57969 issued on August 15, 2011. A petition for a writ of *certiorari* was denied on October 11, 2011.

On or about February 10, 2012, petitioner filed a fifth state post-conviction petition. On May 8, 2012, the state district court dismissed the petition as untimely and successive. Notice of entry of the order was transmitted on May 14, 2012.

On or about May 24, 2012, petitioner mailed the federal petition in the present matter to the clerk of this court, seeking to challenge the same April 30, 1996, judgment of conviction in state district court No. C120400.

### *Successive Petition*

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in No. 3:04-cv-00343-LRH-VPC. The present petition constitutes a second or successive petition because the prior petition was dismissed on the merits. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). Accordingly, petitioner must show cause why the present petition should not be transferred and referred to the court of appeals because he did not first obtain permission from the court of appeals for this court to consider the petition.

### *Time Bar*

Further, assuming *arguendo* that this court has jurisdiction over the petition, and pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the question of whether the petition is time-barred for failure to seek federal habeas relief within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period began running after the ninety day time period expired for filing a petition for *certiorari* after the state supreme court affirmed the conviction on direct appeal, *i.e.,* on June 8, 2000.

Pursuant to 28 U.S.C.§ 2244(d)(2), the timely first state post-conviction petition statutorily tolled the federal limitation period, from the constructive filing date of March 12, 2001, forward during the pendency of the petition. A total of 276 untolled days had elapsed prior to March 12, 2001.

The first state petition tolled the federal limitation period through the issuance of the remittitur on December 17, 2002. After that date, the federal limitation period began to run again. The pendency of the first federal petition -- under No. 3:02-cv-00639 and thereafter under No. 3:04-cv-00343 – did not toll the running of the federal limitations period. *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Accordingly, absent other tolling or delayed accrual, the federal limitation period expired following another 89 days after December 17, 2002, *i.e.*, on Monday, March 17, 2003.

The federal petition on this matter was not mailed for filing until May 24, 2012, over nine years after the federal limitation period had expired, absent other tolling or delayed accrual.

The March 31, 2004, original petition in the state supreme court in No. 43061 perhaps otherwise may have provided a viable basis for statutory tolling under § 2244(d)(2), through the issuance of the May 4, 2004, notice in lieu of remittitur. However, absent other tolling or delayed accrual, the limitation period already had expired a year before that petition was filed. Any tolling based upon the pendency of the original petition accordingly would not make the present untimely federal petition timely absent other tolling or delayed accrual.

The second, third, fourth, and fifth state post-conviction petitions, filed variously in 2008, 2010, and 2012, all were dismissed as, *inter alia*, untimely. These untimely state petitions did not statutorily toll the federal limitation period under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005).

Accordingly, on the face of the record, absent other tolling or delayed accrual, the federal limitation period expired on Monday, March 17, 2003, and the present May 24, 2012, federal petition is untimely, by more than nine years.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S.___, ___, 130 S.Ct. 2549, 1085, 177 L.Ed.2d 130 (2010)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence, he must come forward with new reliable evidence that was not presented previously that, together with the evidence adduced at trial, demonstrates that it is more likely

than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See,e.g., Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003), *cert. denied*, 124 S.Ct. 2039 (2004). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See,e.g., Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-19, 120 L.Ed.2d 269 (1992).

### *Improper Respondent*

The state supreme court is not a proper respondent herein. Petitioner may not proceed in federal court, regardless of the relief sought, against the state supreme court, as an arm of the state, due to the state sovereign immunity recognized by the eleventh amendment. *See,e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984)(a state may not be sued in federal court regardless of the relief sought); *O'Connor v. State of Nevada*, 686 F.2d 749 (9th Cir. 1982)(state supreme court). The state supreme court therefore must be dismissed as a respondent. The petition otherwise properly names petitioner's physical custodian as a respondent.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why the petition should not be transferred and referred to the court of appeals as a successive petition; and (b) why, in the alternative, the petition should not be dismissed with prejudice as time-barred.

IT FURTHER IS ORDERED that the respondent named as "State of Nevada Supreme Court" is DISMISSED as a respondent herein.

If petitioner does not timely respond to this order, the petition will be transferred to the court of appeals as a successive petition. If petitioner establishes that the petition is not a successive petition but fails to show that the petition is timely, the petition will be dismissed with prejudice.

All assertions of fact in the show cause response must be specific, including as to time and place. All factual assertions further must be supported by a declaration under penalty

1  of perjury that is based upon personal knowledge of the facts stated therein or by other
2  competent evidence. Any assertions of fact that are not supported in the foregoing manner
3  will be disregarded.[4]

   DATED: June 15, 2012.

   JAMES C. MAHAN
   United States District Judge

---

[4] Nothing in this order implies that the particular claim of ineffective assistance of appellate counsel presented in the federal petition has been exhausted and/or that the federal petition otherwise is free of other deficiencies. The court defers consideration of all such issues until after a resolution of the issues raised herein. At this juncture, the presentation of earlier claims in state court regarding the *Kazalyn* instruction is noted herein not with regard to exhaustion of the particular federal claim of ineffective assistance of appellate counsel presented. Rather, the court refers to the prior *Kazalyn*-related claims instead because they pertain to petitioner's actual, in-fact notice of the underlying *Kazalyn* substantive claim. The court further makes no implied holding that the federal limitation period did not run prior to such actual notice.