# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES LAMONT MOORE,

    *Petitioner*,

vs.

STATE OF NEVADA SUPREME COURT, *et al.*,

    *Respondents.*

2:12-cv-00965-JCM-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on a *sua sponte* inquiry as to whether the petition is a successive petition and further as to whether the petition is untimely. This order follows upon the court's earlier show-cause order (#2) and petitioner's response (#3) thereto.

### *Background*

The show-cause order details petitioner's entire state and federal writ history in substantially chronological order. Given the court's conclusion herein that the petition is a successive petition, the court focuses the summary herein more upon the procedural history specifically pertinent to that issue.

Petitioner James Lamont Moore challenges his Nevada state conviction, pursuant to a jury verdict, in state district court No. C120400, of first-degree murder with the use of a deadly weapon, three counts of attempted robbery with the use of a deadly weapon, and three counts of robbery with the use of a deadly weapon. In the main, petitioner alleges that he was denied effective assistance of appellate counsel when counsel on his direct appeal

did not claim that he was denied due process by the use of a *Kazalyn* instruction[1] as to the elements of first-degree murder.

The judgment of conviction was filed on April 30, 1996, and the state supreme court affirmed on March 10, 2000. *Moore v. State*, 116 Nev. 302, 997 P.2d 793 (2000). The ninety-day time period for filing a petition for a writ of *certiorari* expired on June 8, 2000.

On or about March 12, 2001, petitioner mailed a state post-conviction petition to the state district court clerk for filing.[2] After appointing state post-conviction counsel and hearing argument, the state district court denied the petition. The state supreme court affirmed the denial of the petition in No. 39387. The remittitur issued on December 17, 2002.

Prior to the issuance of the remittitur, on or about December 4, 2002, petitioner mailed his first federal petition in No. 3:02-cv-00639-LRH-RAM to the clerk of this court for filing. The court appointed federal habeas counsel for petitioner. On February 27, 2004, the court entered the functional equivalent of a stay order so that petitioner could exhaust an unexhausted double jeopardy ground. The court dismissed the petition without prejudice but without entry of final judgment and with the proviso that petitioner could reopen the matter following exhaustion of state judicial remedies.

On March 31, 2004, petitioner filed a *pro se* original petition for an extraordinary writ in the state supreme court, in No. 43061. The state supreme court concluded that its intervention by way of extraordinary writ was not warranted and denied the petition. The court noted that petitioner's remedy, if any, was to file a state post-conviction petition in the state district court. The notice in lieu of remittitur issued on May 4, 2004.

/ / / /

---

[1] *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992).

[2] See No. 3:02-cv-00639-LRH-RAM, #18, Ex. 73, at 9-10 (#18-2601439, at electronic docketing pages 4-5 of 139). An earlier state court procedural recital reflects that the first state petition was filed in September 2000. However, both the online docket sheet for the state district court and the prior federal record confirm that the only state court filing in or around September 2000 and prior to the March 2001 petition was a motion for withdrawal of counsel. See https://www.clarkcountycourts.us/Anonymous/default.aspx (link to online docket search page); No. 3:02-cv-00639, #18, Exhs. 66-68 (#18-2601438, at electronic docketing pages 144-58 of 164); see also *id*., #16 (index of state court record exhibits prepared by prior federal habeas counsel).

Petitioner opted to not pursue a state post-conviction petition, and he instead moved to reopen the federal matter.[3] The court thereafter reopened the matter and administratively directed the clerk to open a new docket number with the proviso that litigation under the new case number would be considered a continuation of No. 3:02-cv-00639. Litigation of the first federal petition thereafter continued under No. 3:04-cv-00343-LRH-VPC, with petitioner abandoning the unexhausted double jeopardy ground.

By an order and judgment entered on September 11, 2006, the court denied Moore's first federal petition on the merits. The court of appeals denied a certificate of appealability on November 5, 2007. A petition for a writ of *certiorari* was denied on April 14, 2008.

Thereafter, petitioner filed four more state post-conviction petitions, including petitions in 2008 and 2010 seeking to raise claims directed to the use of the *Kazalyn* instruction at his trial.[4]

On or about May 24, 2012, petitioner mailed the federal petition in the present matter to the clerk of this court, seeking to challenge the same April 30, 1996, judgment of conviction in state district court No. C120400.

### *Governing Law*

Under 28 U.S.C. § 2244(b)(1) & (2), a claim in a "second or successive petition under section 2254" must be dismissed if it was presented in a prior petition; and, if the claim was not presented in the prior petition, it may be considered only in the circumstances delineated in § 2244(b)(2). Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the petition. If an earlier federal petition is dismissed on the merits, any subsequent petition challenging the same judgment of conviction or sentence will constitute a second or successive petition. *See,e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

---

[3] See No. 3:02-cv-00639, #33, at 2.

[4] See summary in #2, at 3-4.

### *Discussion*

On the successive-petition issue, petitioner relies upon the italicized language in the passage below from Justice Kennedy's dissenting opinion in *Magwood v. Patterson*, 130 S.Ct. 2788 (2010):

> [I]f the petitioner had no fair opportunity to raise the claim in the prior application, a subsequent application raising that claim is not "second or successive," and § 2244(b)(2)'s bar does not apply. This can occur where the claim was not yet ripe at the time of the first petition, *see, e.g., Panetti, supra*, at 947, 127 S.Ct. 2842, or where the alleged violation occurred only after the denial of the first petition, such as the State's failure to grant the prisoner parole as required by state law, *see, e.g., Hill v. Alaska*, 297 F.3d 895, 898–899 (C.A.9 2002); *Crouch v. Norris*, 251 F.3d 720, 723–725 (C.A.8 2001); *In re Cain*, 137 F.3d 234, 236 (C.A.5 1998). And to respond to the Court's concern, see *ante*, at 2802, *if the applicant in his second petition raises a claim that he raised in his first petition but the District Court left unaddressed at its own discretion, the second application would not be "second or successive." Reraising a previously unaddressed claim is not abusive by any definition*. If the Court believes there are "[m]any examples" where abuse-of-the-writ principles unfairly close the door to state prisoners seeking federal habeas review, *ibid.*, one would think the Court would be able to come up with an example. It does not do so.

130 S.Ct. at 2805 (Kennedy, J., dissenting)(italicized emphasis added).

Petitioner maintains that he falls within the scope of this language on the following basis:

> This Petitioner's case at bar falls well within the scope of the exception as defined in [*Magwood*] because [throughout] the intire [sic] course of petitioner's litigating this case, no court, state or federal, addressed any of the issues raised by the Petitioner. Each Court, at its own discretion left Petitioner's issues unaddressed, and just stated "Denied" without opinion. Therefore, with good cause showing, this Court has both the authority and jurisdiction to entertain the Petitioner's writ and rule upon the issues therein without sending it to the 9th Cir. Court of Appeal as a successive petition.

#3, at 2-3.

Petitioner's argument is directly belied by the prior federal record. In No. 3:04-cv-00343, the court rejected petitioner's claims on the merits in a ten-page order that discussed the claims presented by petitioner in detail. See No. 3:04-cv-00343, #17. The court did not

-4-

merely state "denied" without opinion. Further to the point, the court did not in its discretion leave petitioner's issues unaddressed. It instead expressly addressed, with assigned reasons, all exhausted claims presented by petitioner in that petition.

Indeed, the passage from Justice Kennedy's dissent in *Magwood*, even if *arguendo* representative of a view held by the majority of the justices, has nothing to do with this case. For the passage to apply, petitioner would have to show that he presented *the claims in the present petition* in the prior federal petition but that this court declined to review *those claims*. The claims in the present petition were not presented in the prior petition in No. 3:04-cv-00343, in which petitioner was represented by the federal public defender.[5] The passage from Justice Kennedy's dissent in *Magwood* has no conceivable application to this case.[6]

---

[5] Compare #1, at electronic docketing pages 11-21, with No. 3:04-cv-00343, ## 2 & 3.

[6] *Magwood* otherwise has nothing to do with this case. The second federal petition challenges the same April 30, 1996, original judgment of conviction as the first federal petition. Petitioner's claims based upon alleged *Kazalyn* error have been ripe since the time of petitioner's trial, as petitioner could have raised the claims without waiting for later state supreme court and federal court of appeals decisions regarding the issue. That is, just as the parties in those subsequent cases raised the claims, petitioner also could have raised the claims. The claims were ripe from the outset, subject only to the restriction that petitioner could not raise related claims of ineffective assistance of counsel until his first state post-conviction petition, which was filed in 2001.

Petitioner's reference to allege summary denials of his claims in the state courts also has nothing to do with the successive-petition issue. Resolution of that issue turns in this case upon whether the prior *federal* disposition was on the merits, not the character of prior *state* dismissals of petitioner's claims. The statement to this court that the state courts merely stated "denied" without opinion in any event also is belied by the records from the state court proceedings. Whether the state courts denied petitioner's claims on the merits or instead on procedural grounds, there was not even a single instance in the state court writ history canvassed in the prior show-cause order where the state supreme court issued only an unexplained one-word: "Denied."

Petitioner additionally maintains that "after direct appeal to the Nevada Supreme Court in this case, no attorney was ever appointed to the case on the state level of litigation, nor was any attorney retained by the petitioner to represent him during the course of litigating this case on the state level." #3, at 2. This allegation similarly has nothing to do with the successive-petition issue. This allegation similarly is belied by the state court record. Petitioner was appointed counsel on his first state post-conviction petition. See No. 3:02-cv-00639-LRH-RAM, #18, Ex. 79 (#18-2601439, at electronic docketing pages 79-93).

Petitioner thus made patent misrepresentations to this court that all state and federal courts entered only one-word denials of his prior petitions and that he was not represented by counsel at any time on state post-conviction review. The court's show-cause order specifically directed that petitioner must support all assertions of fact with a declaration under penalty of perjury. His instead making misrepresentations to the

(continued...)

The present petition accordingly is a successive petition, as petitioner's prior federal petition was denied on the merits.  The court therefore does not reach the timeliness issue.  The court does not have jurisdiction to consider any other issues regarding the petition unless petitioner first obtains permission from the court of appeals for this court to consider the successive petition.

IT THEREFORE IS ORDERED that this action hereby shall be TRANSFERRED to the court of appeals for consideration under 28 U.S.C. § 2244(b)(3)(A).

IT FURTHER IS ORDERED that the clerk shall transmit the entire case file to the court of appeals simultaneous with this transfer order substantially in the same manner as an appeal, pursuant to the clerk's current practice with regard to transmittal of electronic records.

IT FURTHER IS ORDERED that the clerk shall make informal electronic service upon respondents by adding state attorney general Catherine Cortez Masto as counsel for respondents and directing a notice of electronic filing to her office.  **No response is required from respondents, other than to respond to any orders directed to respondents by a reviewing court.**

The transfer pursuant to this order closes this matter in the district court.

DATED July 26, 2012.

_____
JAMES C. MAHAN
United States District Judge

---

$^6$(...continued)
court in unsworn statements does not insulate him from possible penalty. Under major violation MJ48 of the Nevada state corrections department's administrative regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes." Lying to a court wastes judicial resources.  If petitioner again lies to this court, the court will refer the matter to the state corrections department for investigation of a possible violation of MJ48.  Nothing in this order precludes any independent action by the state corrections department investigating and/or finding such a violation based upon the record of misrepresentations already established in the record in this matter.